**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| YING WOHLBERG | : Case No. _____ |
| Plaintiff, | : |
| v. | : |
| ACTS RETIREMENT LIFE COMMUNITIES d/b/a SPRING HOUSE ESTATES | : |
| Defendant. | : |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Acts Retirement-Life Communities, Inc.[1] ("Defendant") and hereby removes the above-captioned action from the Montgomery County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania. In support, Defendant states:

**Introduction**

1.      Plaintiff Ying Wohlberg ("Plaintiff") filed the Complaint in action in the Montgomery County Court of Common Pleas, Case No. 2025-30203, on December 12, 2025. A true and correct copy of the Complaint and case docket are attached as **Exhibit A** and **Exhibit B**, respectively.

2.      The Complaint names Acts Retirement Life Communities as defendant.[1]

3.      According to the docket at **Exhibit B**, the Complaint has not been served on Defendant.

---

[1] Defendant was improperly identified as "Acts Retirement Life Communities" in the Complaint.

4.     On December 15, 2026, Acts Retirement-Life Communities, Inc. received a copy of the Complaint via email.  *See* Declaration of Erica Richardson, attached hereto as **Exhibit C** (referred to herein as "Ex. C, Richardson Declaration").Pursuant to 28 U.S.C. §1446(b)(1), a Notice of Removal must be filed within thirty days after receipt by the defendant, through service or otherwise. This Notice of Removal is being filed within 30 days of Defendant receiving the Complaint and, therefore, is timely. The United States District Court for the Eastern District of Pennsylvania is the district within which the state action is pending. 28 U.S.C. §118(a).

5.     Therefore, venue is appropriate in this Court because it is "the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

6.     This action is properly removable because this Court has original jurisdiction under 28 U.S.C. §1332(a), which provides: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . ."

7.     Plaintiff is a resident and citizen of the State of New York.  *See* Complaint, **Ex. A**, at case caption p. 1 and ¶ 2.

8.     Plaintiff lists her address as 136 Halston Parkway, East Amherst NY 14051. **Ex. A**. at p. 1.

9.     For purposes of diversity jurisdiction, a "corporation shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business." 28 U.S.C. §1332(c)(1).

10.     A corporation has its principal place of business where its high level officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," which will typically be found at its corporate headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

11.    Acts Retirement-Life Communities, Inc. is a citizen of the Commonwealth of Pennsylvania because it is incorporated in the Commonwealth of Pennsylvania and its headquarters/principal place of business is in the Commonwealth of Pennsylvania. *See* **Ex. C**, Richardson Declaration.

12.    Because Plaintiff is a citizen of New York and Defendant is a citizen of Pennsylvania, pursuant to 28 U.S.C. §1332(c)(1), complete diversity exists between Plaintiff and Defendant.

13.    In Plaintiff's prayer for relief with respect to the counts asserted in the Complaint, Plaintiff seeks compensatory damages, punitive damages, emotional pain and suffering, reasonable attorneys' fees, recoverable costs, pre and post judgment interest, an allowance to compensate for negative tax consequences, among other relief.  *See* **Ex. A** at p.8.

14.    The Complaint does not state the dollar amount Plaintiff is seeking with respect to any of the identified categories of damages, nor does it state that the amount in controversy is less than $75,000. *See* **Ex. A.**

15.    However, the Civil Cover Sheet of the Complaint states that the minimum amount in controversy exceeds $50,000. *See* **Ex. A,** p. 1.

16.    Where a complaint is silent as to the specific amount in controversy, removal is proper unless it is a legal certainty that the plaintiff cannot recover the jurisdictional amount of $75,000. *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007).

17.    To "determine whether the minimum jurisdictional amount has been met in a diversity case removed to a district court, a defendant's notice of removal serves the same function as the complaint would if filed in the district court." *Id.*

3

18.     A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

19.     Plaintiff asserts claims against Defendant for discrimination and retaliation under the Pennsylvania Human Relations Act.

20.     The Pennsylvania Human Relations Act also provides damages for loss of work, reinstatement or upgrading of position, back pay, and emotional damages. 43 P.S. § 959(f)(1); Renner v. Court of Common Pleas, 234 A.3d 411, 424 (Pa. 2020) (economic damages); *Bader v. Berenfield Containers*, 30 Pa. D. & C.4th 531 (Com. Pl. 1996) (citing *Pennsylvania Human Relations Commission v. Zamantakis*, 387 A.2d 70, 93 (Pa. 1978)) ("The Pennsylvania Supreme Court has held that plaintiffs may, under the Pennsylvania Human Relations Act, seek damages for humiliation and mental anguish.").

21.     In calculating the amount in controversy, attorneys' fees are included if they are recoverable under the applicable statute. *See Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007).

22.     The Pennsylvania Human Relations Act provides for the recovery of attorneys' fees. *See* 43 P.S. § 962(c.2); *Lopez v. Citywide Cmty.*, 158 A.3d 187 (Pa. Super. Ct. 2016), *for text, see Lopez v. Citywide Cmty. Counseling Servs., Inc.*, No. 1843 EDA 2015, 2016 WL 5420685 (Pa. Super. Ct. Sept. 27, 2016) (affirming Philadelphia Court of Common Pleas's award of attorney's fees to plaintiff in PHRA claim).

23.     The amount in controversy is determined "not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of rights being litigated." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (citations omitted).

24.    Attorney David Koller graduated from Villanova School of Law in 2002. https://www.kollerlawfirm.com/our-firm/attorneys/david-koller-esq/.  Therefore, Attorney Koller has been practicing law for approximately 23 years.

25.    The Community Legal Service rate schedule estimates an attorney with 16-20 years' experience at an hourly rate of $630-$715 per hour. *Community Legal Services, Attorney Fees,* https://clsphila.org/about-community-legal-services/attorney-fees/.

26.     In 2022, this court awarded Attorney Koller fees at a rate of $530 per hour based on his 19 years of experience practicing law after obtaining a successful verdict on a case under the Pennsylvania Human Relations Act. *See Nitkin v. Main Line Health*, No. CV 20-4825-KSM, 2022 WL 2651968, at *7 (E.D. Pa. July 8, 2022).

27.    Assuming Plaintiff recovers $50,000 in damages, or the lowest end of her claimed damages, and applying Mr. Koller's 2022 rate, which would be conservative, Plaintiff's counsel would need to spend only 47.2 hours litigating this matter from its inception through trial in order to exceed $25,000.

28.    Should Plaintiff's claims proceed to trial, Plaintiff's counsel will most certainly be required to spend more than 47.2 hours on the case.

29.    While Defendant denies any liability any damages or that any damages can be proven, it is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount beyond $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

30.    Based on the foregoing, this Court has diversity jurisdiction over this action, because on the date the Complaint was filed, and as of the date this Notice is filed, there exists

complete diversity of citizenship between Plaintiff and Defendant and the matter in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

31.    In accordance with 28 U.S.C. § 1446(b), this Notice has been filed within thirty (30) days after receipt by Defendant by service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which this action or proceeding is based.

32.    Defendant has attached hereto as **Ex. A is** a copy of the Complaint received in the state action, as well as a copy of the docket in the state action at **Ex. B**.

33.    Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal, with a Notice of the Filing of the Notice of the Removal, will be promptly filed with the Montgomery County Court of Common Pleas, and a copy will be served on counsel for Plaintiff.  A true and correct copy of Defendant's Notice of Removal to Federal Court is attached here as **Exhibit D**.

34.    The filing fee and an executed civil information sheet accompany this Notice.

WHEREFORE, Defendant removes this action from Montgomery County Court of Common Pleas (Case No. 2025-30203) to this Court.

Respectfully submitted,

*/s/ Clark Whitney*
Clark Whitney, Esq. (PA Id. 201052)
Sarah R. Shaiman, Esq. (PA Id. 337635)
**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
1735 Market Street, Suite 3000
Philadelphia, PA 19103
(215) 995-2831 (Phone)
clark.whitney@ogletree.com
sarah.shaiman@ogletree.com

Dated: January 12, 2026

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below a true and correct copy of the foregoing

Notice of Removal was electronically filed with the Clerk of Court via the Court's ECF filing

system and served via e-mail on Plaintiff's attorney at the following address:


**David Koller**
Koller Law LLC
2043 Locust St, #1B
Philadelphia, PA 19103
david@kollerlawfirm.com


/s/  Clark Whitney
Clark Whitney
*Attorney for Defendant*


Dated: January 12, 2025

7